UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEAKER ENERGY GROUP, LLC & | CIVIL ACTION |
| ENERGY COAST LOGISTICS TERMINAL, LLC | |
| VERSUS | NO.  14-2106 |
| CARGILL, INCORPORATED & | SECTION  "N"  (3) |
| LOUISIANA SUGAR REFINING, L.L.C. | |

**ORDER AND REASONS**

Following the Court's prior Order and Reasons (Rec. Doc. 34), granting in part and denying in part motions to dismiss filed by Defendants Cargill, Inc. and Louisiana Sugar Refining, L.L.C. ("LSR"), pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, Plaintiffs filed a second amended and superseding complaint ("Second Amended Complaint") (Rec. Doc. 35). Now considering the motions to dismiss subsequently filed by Defendants Cargill, Inc. and Louisiana Sugar Refining, L.L.C., the parties' memoranda, the record, and applicable law, **IT IS ORDERED** that Defendants' motions (Rec. Docs. 40 and 41) are **GRANTED IN PART** and **DENIED IN PART** as stated herein.  Specifically, evaluating the allegations of the Second Amended Complaint in light of the legal principles set forth in the Court's prior Order and Reasons and the parties' submissions, and considering that the parties have had two opportunities to address the legal and factual adequacy of those allegations, the Court rules as follows:

(1)  For essentially the reasons set forth in its supporting memoranda (Sealed Rec. Docs. 40-5 and 51), LSR's motion is **GRANTED** insofar as it seeks dismissal of the entirety of the breach of contract claim asserted in Claim Five relative to the alleged "verbal agreement between

1

Plaintiffs and LSR of January 3, 2014."[1]  The allegations of Plaintiffs' Second Amended Complaint have not cured the capacity and consent shortcomings previously identified by the Court.

(2) For essentially the reasons set forth in its supporting memoranda (Sealed Rec. Docs. 41-5 and 48), Cargill's motion is **GRANTED** insofar  it seeks dismissal of Count Six (breach of duty of good faith and fair dealing) as to Cargill.  The facts alleged by Plaintiffs are not sufficient to establish the "special relationship of trust and confidence" required by Texas law.

(3)  Given the Court's ruling regarding Count Five, and Plaintiff's lack of stated opposition, **IT IS ORDERED** that Cargill's motion as to Count Eight (tortious interference with contract) is **GRANTED**.

(4) Given Plaintiffs' lack of stated opposition, **IT IS ORDERED** that Defendants' motions  are **GRANTED** as to Count Ten (unjust enrichment)

(5)  Because questions of fact and any ambiguities in the controlling substantive law must be resolved in Plaintiffs' favor at the pleading stage, **IT IS ORDERED** that LSR's motion is **DENIED** as to Counts Two (intentional and negligent misrepresentation), Three (fraud), and Seven (detrimental reliance).  In short, on the showing made, the Court is not presently convinced that Plaintiffs are precluded, as a matter of law, from establishing "reasonable reliance" as to at least *certain* limited elements of the damages purportedly resulting from the alleged misrepresentations by LSR's CEO and General Manager, Larry Faucheaux, and Business Development Consultant, Scott MacKenzie.

---

[1]        Rec. Doc. 35, ¶ 101.

(6) Because questions of fact and any ambiguities in the controlling substantive law must be resolved in Plaintiffs' favor at the pleading stage, **IT IS ORDERED** that Cargill's motion is **DENIED** as to Count Nine (tortious interference with business relationship). Given Cargill's execution of the Cargill Non-Disclosure Agreement, while at the same time allegedly attempting to prevent LSR from entering into an agreement with Plaintiffs regarding use of LSR's terminal site, the Court is not presently convinced that Plaintiffs are precluded, as a matter of law, from establishing actionable misrepresentation, if not fraud, in satisfaction of the "independently tortious or unlawful" conduct element required by Texas law.

(7) Given the Court's rulings herein relative to Claims Two, Three, Seven, and Nine, **IT IS ORDERED** that Defendants' motions are **DENIED** relative to Claim One (violations of the Louisiana Unfair Trade Practices Act).

Given the Court's rulings, and considering that Plaintiffs have already been allowed to amend, **IT IS ORDERED** that Claims Five, Eight, and Ten are **DISMISSED WITH PREJUDICE**. Accordingly, at this juncture, Plaintiffs' remaining claims against LSR are those set forth in Claims One, Two, Three, Four (as to the LSR NDA), Six (as to the LSR NDA), and Seven. The claims presently remaining as to Cargill are those set forth in Claims One, Four (as to the Cargill NDA), and Nine. Of course, to the extent that the Court has concluded that dismissal of certain of Plaintiffs' claims is not warranted at the pleading stage, these rulings are without prejudice to Defendants' rights to contest the legal sufficiency of Plaintiffs' evidence by means of a properly supported motion for summary judgment.

New Orleans, Louisiana, this 27th day of June 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

3